IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| CHANCE MARLAR, MICHAEL RASMUSSEN, DUSTIN KIMBRELL, JOEL MARTINEZ, AND THOMAS CAIN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 2:15-cv-00241 |
| BASIC ENERGY SERVICES, L.P. D/B/A BASIC ENERGY SERVICES | § § § | |

**PLAINTIFFS' FIRST AMENDED COMPLAINT- CLASS & COLLECTIVE ACTION AND JURY DEMAND**

**COMES NOW**, Tyler Chance Marlar, Michael Rasmussen, Dustin Kimbrell, Joel Martinez, and Thomas Cain ("Plaintiffs") and for their complaints against Basic Energy Services, L.P. d/b/a Basic Energy Services ("Defendant") and states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue is proper in the District of New Mexico because Defendant engages in business here and employed Plaintiffs in New Mexico.

**PARTIES**

3. Plaintiff Marlar is a resident of Granbury, Texas, and was employed by Defendant from approximately November of 2011 through February of 2013 as part of a wire line crew. Plaintiff Marlar performed work in New Mexico during his employment with Defendant. At all times relevant to his claims in this lawsuit, Plaintiff Marlar was paid on an hourly basis plus a non-discretionary revenue bonus. Plaintiff Marlar's written consent to this action is attached as

Exhibit A.

4. Plaintiff Rasmussen is a resident of Abilene, Texas, and was employed by Defendant from approximately January 2013 through November of 2014 as part of a wire line crew. Plaintiff Rasmussen performed work in New Mexico during his employment with Defendant. At all times relevant to his claims in this lawsuit, Plaintiff Rasmussen was paid on an hourly basis plus a non-discretionary revenue bonus. Plaintiff Rasmussen's written consent to this action is attached as Exhibit B.

5. Plaintiff Dustin Kimbrell is a resident of Merkel, Texas, and was employed by Defendant from approximately July 2011 through October of 2014 as part of a wire line crew. Plaintiff Kimbrell performed work in New Mexico during his employment with Defendant. At all times relevant to his claims in this lawsuit, Plaintiff Kimbrell was paid on an hourly basis plus a non-discretionary revenue bonus. Plaintiff Kimbrell's written consent to this action is attached as Exhibit C.

6. Plaintiff Joel Martinez is a resident of Midland, Texas, and was employed by Defendant from approximately May 2011 through August of 2014 as part of a wire line crew. Plaintiff Martinez performed work in New Mexico during his employment with Defendant. At all times relevant to his claims in this lawsuit, Plaintiff Martinez was paid on an hourly basis plus a non-discretionary revenue bonus. Plaintiff Martinez's written consent to this action is attached as Exhibit D.

7. Plaintiff Thomas Ryan Cain is a resident of Granbury, Texas, and was employed by Defendant from approximately November 2011 through December of 2013 as part of a wire line crew. Plaintiff Cain performed work in New Mexico during his employment with Defendant. At all times relevant to his claims in this lawsuit, Plaintiff Cain was paid on an hourly basis plus a

non-discretionary revenue bonus. Plaintiff Cain's written consent to this action is attached as Exhibit E.

8. The "New Mexico Class Members" are all persons who performed work for Defendant in New Mexico as part of a wire line crew and who were paid a base hourly rate plus revenue bonus up to the date this Court certifies the class under NMRA Rule 1-023 ("Rule 23").

9. The "Fair Labor Standards Act ("FLSA") Class Members" are all persons who performed work for Defendant as part of a wire line crew and who were paid a base hourly rate plus revenue bonus during the three-year period before the filing of this Complaint.

10. Defendant is a Delaware corporation with its principle place of business in Texas. Defendant Basic Energy Services, L.P. d/b/a Basic Energy Services has already been serviced with process and made an appearance in this action.

## COVERAGE

11. At all material times, Defendant has been an employer within the meaning of § 3(d) of the FLSA. 29 U.S.C. § 203(d).

12. At all material times, Defendant has been an employer within the meaning of N.M. STAT. ANN. § 50-4-21(B).

13. At all material times, Defendant has been an enterprise within the meaning of § 3(r) of the FLSA. 29 U.S.C. § 203(r).

14. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

15. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

16. At all material times, Plaintiffs and all Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC §§206-207.

17. At all material times, Plaintiffs and New Mexico Class Members were employees of Defendant with the meaning of N.M. STAT. ANN. § 50-4-21(C).

## FACTUAL BACKGROUND

18. According to its website (www.basicenergy.com), Defendant operates hundreds of thousands of oil and gas wells in fourteen states, including New Mexico.

19. Defendant employed Plaintiffs and the Class Members as part of wire line crews providing oil and gas well perforation services to Defendant's customers in the oil and gas industry.

20. Defendant paid some members of its wire line crews a base hourly rate, plus overtime at one-and-one-half times the base hourly rate, for hours worked over 40 in a workweek.

21. In addition, Defendant paid a non-discretionary "revenue bonus" of 1% to 3% of the revenue from each job.

22. These non-discretionary revenue bonuses were substantial in amount relative to the employees' base hourly wage.

23. Defendant did not include these non-discretionary revenue bonuses in calculating employees' regular or overtime rates of pay.

24. Plaintiffs and the Class Members regularly worked in excess of 40 hours in a workweek.

### COUNT 1: VIOLATION OF THE NEW MEXICO MINIMUM WAGE ACT'S OVERTIME PAY PROVISIONS, N.M. STAT. ANN. § 50-4-22(D)

25. Plaintiffs incorporate by reference the allegations in the preceding paragraphs.

26. At all relevant times, Defendant has been and continues to be an "employer" within the meaning of the NMMWA. At all relevant times, Defendant has employed and continues to employ, "employees," including the New Mexico Class Members and Plaintiffs within the meaning the NMMWA.

27. The NMMWA requires payment of one and one-half times the employee's regular hourly rate for each hour worked per week over 40 hours. N.M. STAT. ANN. § 50-4-22(D); N.M. ADMIN. CODE TIT. 11, § 11.1.4.7.F.

28. By failing to include certain wages (i.e., revenue bonuses) in the calculation of the regular hourly rate of pay, Defendant has violated the NMMWA by failing to pay Plaintiffs and New Mexico Class Members time and one-half their regular hourly rates, as defined by law, for all hours worked in excess of 40 hours during a workweek.

29. As a result of the foregoing conduct, Defendant has failed to pay wages due under the NMMWA, thereby violating, and continuing to violate, the NMMWA.

30. Plaintiffs bring their claims on behalf of themselves and all similarly situated employees pursuant to N.M. STAT. ANN. § 50-4-26(C)-(E) which authorizes a private cause of action for Plaintiff and the New Mexico Class Members to recover their unpaid wages plus interest, an additional amount equal to twice the unpaid or underpaid wages, as well as costs of court and attorneys' fees.

31. Defendant's violations occurred and are occurring as part of a continuing course of conduct as provided by N.M. STAT. ANN. § 50-4-32.

## NEW MEXICO CLASS ACTION ALLEGATIONS

32. Plaintiffs incorporate by reference the allegations in the preceding paragraphs.

33. Plaintiffs bring their overtime claims arising under the NMMWA as a Rule 23 class action on behalf of the following class:

> All persons who performed work for Defendant in New Mexico as part of a wire line crew and who were paid a base hourly rate plus revenue bonus up to the date this Court certifies the class under Rule 23.

34. Although Plaintiffs do not know the precise number of members of the proposed class, Plaintiffs believe there are more than 50.

35. The members of the class are so numerous that their individual joinder is impractical.

36. The identity of the members of the New Mexico class is readily discernible from Defendant's records.

37. Plaintiffs and the proposed New Mexico class, on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

38. Common questions of law and fact exist to all members of the class. These questions predominate over the questions affecting individual class members. These common legal and factual questions include, but are not limited, to the following:

   a. Whether Plaintiffs and the New Mexico Class Members worked hours in excess of forty per work week;

   b. Whether Plaintiffs and the New Mexico Class Members were denied overtime pay at a rate not less than one and one-half times their regular hourly rate as required by New Mexico Law; and

   c. The calculation of damages.

39. These and other common questions of law and fact, which are common to the members of the class, predominate over any individual questions affecting only individual members of the class.

40. Plaintiffs' claims are typical of the claims of the class because Plaintiffs were not paid overtime wages in accordance with New Mexico law, and the same is true of the New Mexico Class Members.

41. Plaintiffs are adequate representatives of the class because their interests do not conflict with the interests of the class that they seek to represent. Plaintiffs have retained competent counsel, highly experienced in complex class action litigation, and they intend to prosecute this action vigorously. The interests of the class will be fairly and adequately protected by Plaintiffs and their counsel.

42. The class action under New Mexico state law is superior to other available means of fair and efficient adjudication of the state law claims of Plaintiffs and the New Mexico Class Members. The injuries suffered by each individual class member are relatively small in comparison to the burden and expense of individual prosecution of a complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the class individually to redress effectively the wrongs done to them; even if the members of the class could afford such individual litigation, the court system could not. Individualized litigation presents the possibility for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and to the court system presented by the complex, legal and factual issues of the case. By contrast, the class action presents far fewer logistical issues and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court.

### COUNT 2: VIOLATION OF MAXIMUM HOURS PROVISIONS OF NMMWA, N.M. STAT. ANN. § 50-4-30

43. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

44. Defendant violated N.M. STAT. ANN. § 50-4-22(D) in requiring Plaintiffs and New Mexico Class Members, from time to time, to work more than sixteen hours in one day of twenty-four hours.

### COUNT 3: UNJUST ENRICHMENT

45. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

46. Defendant failed to pay Plaintiffs and the Class Members at the rate of pay required by law for all overtime hours worked, retained the fruits of Plaintiffs' and the Class Members' labor, and retained the monies that should have been paid to Plaintiffs and the Class Members as overtime wages for hours worked.

47. Defendant was unjustly enriched by its refusal to pay Plaintiffs and Class Members for all overtime premiums owed and have benefited at their expense.

48. Defendant should be required to disgorge this unjust enrichment.

### COUNT 4: VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 207

49. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

50. Defendant's practice of failing to pay Plaintiffs time-and-a-half the regular rate of pay, including non-discretionary revenue bonuses, for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207; 29 C.F.R. §778.108.

51. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate of pay is applicable to Defendant or Plaintiffs and the FLSA Class Members.

## COLLECTIVE ACTION ALLEGATIONS

52. Plaintiffs have actual knowledge that FLSA Class Members have also been denied their full overtime premium pay for hours worked over forty (40) hours per workweek as a result of Defendant's failure to include non-discretionary revenue bonuses in calculating the regular rate of pay.

53. Plaintiffs' knowledge is based on their personal work experiences and through communications with other employees of Defendant while performing work in New Mexico and elsewhere.

54. Other persons are and have been employed by Defendant as part of wire line crews throughout the United States but are not paid overtime at the rate of one and one-half their regular rate.

55. Although Defendant permitted and/or required FLSA Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty (40).

56. FLSA Class Members perform or have performed the same or similar work as Plaintiffs and paid pursuant to the same policy by which non-discretionary bonuses were excluded from the regular rate of pay.

57. As such, FLSA Class Members are similar to Plaintiffs in terms of relevant job duties, pay structure, and the denial of overtime at the correct rate.

58. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of FLSA Class Members.

59. The experiences of Plaintiffs, with respect their pay, hours, and duties, are typical of the experiences of FLSA Class Members.

60. The specific job titles or precise job responsibilities of each FLSA Class Member do not prevent collective treatment.

61. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek at time-and-one-half their regular rate of pay, including non-discretionary revenue bonuses.

62. Although the exact amount of damages may vary among FLSA Class Members, the damages for FLSA Class Members can be readily calculated. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

63. As such, the class of similarly situated Plaintiffs for the FLSA Class is properly defined as follows:

> All persons who performed work for Defendant as part of a wire line crew and who were paid a base hourly rate plus revenue bonus during the three-year period before the filing of this Complaint.

## DAMAGES SOUGHT

64. Plaintiffs and the FLSA Class Members are entitled to recover their unpaid overtime compensation. 29 U.S.C. §§ 207, 216.

65. Plaintiffs and the New Mexico Class Members are entitled to recover their unpaid overtime compensation. N.M. STAT. ANN. §§ 50-4-22, 50-4-26.

66. Plaintiffs and the FLSA Class Members are entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

67. Plaintiffs and the New Mexico Class Members are entitled to an amount equal to twice their unpaid wages as liquidated damages. N.M. STAT. ANN. § 50-4-26(C).

68. Plaintiffs and the FLSA Class Members are entitled to recover attorneys' fees and costs. 29 U.S.C. § 216(b).

69. Plaintiffs and the New Mexico Class Members are entitled to recover attorneys' fees and costs. N.M. STAT. ANN. § 50-4-26(E).

70. Plaintiffs and the New Mexico Class Members are entitled to recover interest for their unpaid wages. N.M. STAT. ANN. § 50-4-26(C).

## JURY DEMAND

71. Plaintiffs hereby demand a jury on all issues, and paid into the Court the jury fee.

## PRAYER

72. For these reasons, Plaintiffs, on behalf of themselves and those similarly situated, pray for relief as follows:

   a. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

   b. Liquidated damages in an amount equal to their unpaid overtime as allowed under the FLSA and twice the amount of their unpaid overtime for all work performed in New Mexico;

   c. Reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA and NMMWA, together with interest for all unpaid wages accruing in New Mexico; and

   d. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

Dated: June 5, 2015

Respectfully Submitted:

THE YOUNG LAW FIRM, P.C.
Jeremi K. Young
1001 S. Harrison, Suite 200
Amarillo, Texas 79101
(806) 331.1800
Fax:  (806) 398.9095
jyoung@youngfirm.com

By: /s/ Jeremi K. Young
       Jeremi K. Young

KRAFT AND HUNTER, LLP

Richard Kraft
P.O. Box 850
Roswell, NM 88202
(575) 625-2000
(575) 625-2010 (Fax)
Attorneys for Plaintiffs & Class Members

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of June, 2015, the foregoing document was electronically transmitted to the Clerk of the Court for filing via the Court's ECF System, and service of Notice of Electronic Filing was made to the ECF registrants shown below:

Jason Regas:  jasonregas@andrewskurth.com

By: /s/ *Jeremi K. Young*
       Jeremi K. Young